**In re David W. HUTCHINS, Debtor.**

**James A. STEWART, Plaintiff,**

**v.**

**David W. HUTCHINS, Defendant.**

**Bankruptcy No. 95–00738–BGC–7.
Adv. No. 95–00233.**

United States Bankruptcy Court,
N.D. Alabama,
Southern Division.

Aug. 2, 1995.

---

Max C. Pope, Jr., Birmingham, Alabama, for Defendant–Debtor.

John A. McBrayer, Birmingham, Alabama, for Plaintiff.

Thomas Reynolds, Trustee.

### MEMORANDUM OPINION ON THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BENJAMIN COHEN, Bankruptcy Judge.

This matter came before the Court on a *Motion to Dismiss, or in the Alternative, Motion for Summary Judgment* filed by Defendant–Debtor on June 19, 1995. After notice, a hearing was held on July 24, 1995. Max C. Pope, Jr., the attorney for the Defendant–Debtor, and John A. McBrayer, the attorney for the Plaintiff, appeared. The parties agreed that the substantive issue should be submitted on summary judgment as there were no genuine issues as to any material facts. Each party contends that he is entitled to judgment as a matter of law.

### I. Findings of Fact

The facts are undisputed and the parties are in agreement that the material facts are as contained in the pleadings. The plaintiff and the defendant were business associates. They had an arrangement where the defendant would make eye glasses for the plaintiff's patients. The plaintiff would in turn receive a percentage of the defendant's income from the arrangement. This agreement was terminated and the defendant gave the plaintiff a promissory note for a certain amount. The plaintiff later sued the defendant on this note and received a judgment from the state court. The defendant filed his chapter 7 bankruptcy petition on February 3, 1995. The instant adversary proceeding was filed on May 12, 1995. The complaint alleges that the judgment due the plaintiff from the promissory note law suit is a nondischargeable debt under section 523(a)(15) of the Bankruptcy Code. The complaint also includes a count that contends that because the defendant failed to list the plaintiff on his bankruptcy petition, the debt is now dischargeable.

### II. Contentions

The Plaintiff contends that the judgment allowed him by the state court is an "other order of a court of record" as that phrase is used in 11 U.S.C. § 523(a)(15) and is therefore nondischargeable in bankruptcy. The Plaintiff also contends that because the defendant failed to list the debt in the bankruptcy petition, that the debt is nondischargeable under 11 U.S.C. § 523(a)(3) because the plaintiff was not given an opportunity to file a timely proof of claim.[1] The Defendant contends that 11 U.S.C. § 523(a)(15) does not apply to the debt he owes the plaintiff and that the debt is dischargeable in his chapter 7 case.

### III. Conclusions of Law

#### A. Summary Judgment

Whenever this Court is called upon to consider a motion for summary judgment, it is charged by the Court of Appeals for the Eleventh Circuit and Fed.R.Civ.P. 56(c) that, "a moving party is entitled to summary judgment 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1115 (11th Cir.1993) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). Applying these tests to this matter, this Court finds that there are no genuine issues as to any material facts, and that the defendant is entitled to judgment as a matter of law.

---

1. Because this case is a non-asset chapter 7 case, no bar date for the filing of proofs of claims has been set by the Court; consequently, the plaintiff's second contention is irrelevant and will not be considered here.

## B. Section 523(a)(15)

■ Section 523(a)(15) amends the Bankruptcy Code to add a section specifically designed to address debts that arise from a "domestic" relationship but which debts can not be characterized as, or in the nature of, alimony, maintenance or support. The section provides that a discharge in bankruptcy does not discharge an individual debtor from a debt:

> not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—
>
> (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or
>
> (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor;

11 U.S.C. § 523(a)(15).[2]

The plaintiff contends that because subsection (15) uses the phrase "other order of a court of record," that the debt owed to the plaintiff by the defendant may be characterized as a debt that was "incurred by the debtor . . . in connection with . . . [an] order of a court of record," and is therefore nondischargeable through subsection (15). The plaintiff contends that the debt need not have any relationship to the "domestic" contexts of sections 523(a)(5) and 523(a)(15).

■ The plaintiff's argument is one of first impression. This Court's only point of reference is legislative history. That history is, however, uncharacteristically clear. Subsection (15) applies *only* in "domestic" situations.[3] The history reads:

> Subsection (e) adds a new exception to discharge for some debts arising out of a divorce decree or separation agreement that are not in the nature of alimony, maintenance or support. In some instances, divorcing spouses have agreed to make payments of marital debts, holding the other spouse harmless from those debts, in exchange for a reduction in alimony payments. In other cases, spouses have agreed to lower alimony based on a larger property settlement. If such "hold harmless" and property settlement obligations are not found to be in the nature of alimony, maintenance, or support, they are dischargeable under current law. The nondebtor spouse may be saddled with substantial debt and little or no alimony

---

2. Paragraph (5) referred to above provides for the nondischargeability of a debt:

> to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—
>
> (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act [42 USCS § 602(a)(26)], or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or
>
> (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

3. The language of the statute is plain and the Court could rely on that analysis alone. In an earlier opinion this Court recognized:

> The Supreme Court and Court of Appeals for the Eleventh Circuit have repeatedly admonished that statutory interpretation should begin with the plain meaning of the statute's text, and end there, if the meaning of the statute is truly plain. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989); *In re Hoggle*, 12 F.3d 1008, 1010 (11th Cir.1994). The words used in a statute are to be accorded their ordinary and common meanings, unless otherwise specifically indicated or unless ambiguity will thereby result. *In re Burns*, 887 F.2d 1541, 1552 (11th Cir.1989).

*In re Morgan*, 181 B.R. 579, 584 (Bankr.N.D.Ala. 1994).

or support. This subsection will make such obligations nondischargeable in cases where the debtor has the ability to pay them and the detriment to the nondebtor spouse from their nonpayment outweighs the benefit to the debtor of discharging such debts. In other words, the debt will remain dischargeable if paying the debt would reduce the debtor's income below that necessary for the support of the debtor and the debtor's dependents. The Committee believes that payment of support needs must take precedence over property settlement debts. The debt will also be discharged if the benefit to the debtor of discharging it outweighs the harm to the obligee. For example, if a non-debtor spouse would suffer little detriment from the debtor's nonpayment of an obligation required to be paid under a hold harmless agreement (perhaps because it could not be collected from the nondebtor spouse or because the nondebtor spouse could easily pay it) the obligation would be discharged. The benefits of the debtor's discharge should be sacrificed only if there would be substantial detriment to the nondebtor spouse that outweighs the debtor's need for a fresh start.

The new exception to discharge, like the exceptions under Bankruptcy Code section 523(a)(2), (4), and (6) must be raised in an adversary proceeding during the bankruptcy case within the time permitted by the Federal Rules of Bankruptcy Procedure. Otherwise the debt in question is discharged. *The exception applies only to debts incurred in a divorce or separation that are owed to a spouse or former spouse, and can be asserted only by the other party to the divorce or separation.* If the debtor agrees to pay marital debts that were owed to third parties, those third parties do not have standing to assert this exception, since the obligations to them were incurred prior to the divorce or separation agreement. *It is only the obligation owed to the spouse or former spouse—an obligation to hold the spouse or former spouse harmless—which is within the scope of this section.*

H.R.Rep. No. 835, 103d Cong., 2nd Sess. 54 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3363 (emphasis added) (note 19 to the above reads, "*See In re MacDonald,* 69 B.R. 259, 278 (Bankr.D.N.J.1986)").

The parties agree that the plaintiff and defendant are not, and have never been "married." The Defendant is, and has at all pertinent times, been married to another individual.

The intent of Congress in creating the dischargeability exception in section 523(a)(15) is clear, and that is that some type of "marriage" relationship where there has been a separation is required in order for the section to apply. There has not been that type of relationship between the plaintiff and defendant. For these reasons the Court finds that section 523(a)(15) does not apply to the case before the Court, that the defendant's Motion for Summary judgment is due to be granted and that the defendant is entitled to a judgment as a matter of law. Section 523(a)(15) was specifically enacted to address "spousal" debts. This Court cannot find at this time any reason to apply the section to non-domestic circumstances. A separate order will be entered contemporaneously with and in conformity with this memorandum opinion.

DONE.

### ORDER GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND ORDER ENTERING JUDGMENT FOR THE DEFENDANT

In conformity with the Memorandum Opinion entered contemporaneously herewith, it is **ORDERED, ADJUDGED AND DECREED** that:

1. In consideration of the summary judgment factors required by the Court of Appeals of the Eleventh Circuit, the defendant's Motion for Summary Judgment is **Granted;**

2. On the Complaint, judgment is entered in favor of the defendant and against the plaintiff on all counts; and,

3. The defendant's Motion to Dismiss is **Denied**.

DONE.